UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD DAVIS, )
)
     Plaintiff, )
) CAUSE NO. 3:17-CV-652 RLM
  vs. )
)
KATHY GRIFFIN, et. al., )
)
     Defendants. )

OPINION AND ORDER

Donald Davis, a prisoner representing himself, filed a complaint against eight defendants at the Miami Correctional Facility. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when addressing a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v.

Citibank, N.A., 614 F.3d 400, 403 (7th Cir.2010) (emphasis in original). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Davis is an inmate housed at the Miami prison. His complaint alleges that in December 2016, he was moved into a cell in which he was housed with Offender Randall. Mr. Davis and Mr. Randall did not get along with one another. Mr. Davis sent Unit Team Counselor Shultz a letter indicating that he wanted be moved into a different cell because he was having problems with his new roommate. Mr. Davis then made the same request in person. He wasn't moved. Six months later, on June 5, 2017, Mr. Randall threw boiling hot water onto Mr. Davis, then hit Mr. Davis in the head with a hot pot. Mr. Davis suffered third degree burns and an injured hand. Mr. Davis sues Superintendent Kathy Griffin, Assistant Superintendent Reggal, Director of Operational Support Sharon Hawk, Lieutenant Supervisor Beamer, Counselor Shultz, Offender Randall, and unknown officers medical staff for money damages.

Mr. Davis first complains that Counselor Shultz failed to protect him from Offender Randall. When one inmate attacks another, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn

2

that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Mr. Davis alleges that six months before the attack he told Counselor Shultz that he was not getting along with Offender Randall. That isn't enough for Counselor Shultz to be held to have been deliberately indifferent.

"Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." McGill v. Duckworth, 944 F.2d 344, 345 (7th Cir. 1991), abrogated on other grounds by Haley v. Gross, 86 F.3d at 640 (7th Cir. 1996).

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

Id. at 348. This is why general requests for help and expressions of fear are insufficient to alert guards to the need for action. Klebanowski v. Sheahan, 540 F.3d 633, 639–40 (7th Cir. 2008). Officers must know that there is a actual threat of future harm. Id. Mr. Davis doesn't allege that he expressed any specific threats directed towards him before the attack. Neither does he allege – nor provide a factual basis that could support a reasonable inference – that Counselor Shultz had any idea that there was a specific risk that Mr. Davis might be attacked. Mr.

3

Davis alleges only that six months before the attack, he told Counselor Shultz that he didn't get along with Offender Randall. This complaint does not state a claim against Counselor Shultz.

Next, Mr. Davis alleges that Superintendent Kathy Griffin, Assistant Superintendent Reggal, Director Sharon Hawks, and Lieutenant Beamer are liable as Counselor Shultz's supervisors. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these defendants can't be held liable simply because they oversee operations at the prison or supervise other correctional officers. See Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009).

Next, Mr. Davis sues Offender Randall. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Davis's § 1983 claim has no merit because Offender Randall isn't a state actor that can be sued for constitutional violations. See Blum v. Yaretsky, 457 U.S. 991, 1004 (1982). Accordingly, this claim must be dismissed.

Finally, Mr. Davis complains that various unnamed doctors and nurses have denied giving him adequate medical care for the injuries he incurred as a result of the attack. Mr. Davis's complaint doesn't give the necessary details for this court to determine if that claim presents a constitutional violation. Mr. Davis hasn't identified any possible defendant. He sues "unknown medical doctor and

staff." He apparently doesn't know the identity of the doctors and nurses involved in denying him medical treatment. As a practical matter, his case can't proceed against unnamed defendants. See Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). If he chooses to file an amended complaint, Mr. Davis must include any information he can provide that may assist in identifying the doctors and nurses, including a physical description.

Moreover, even if Mr. Davis had named the doctors and nurses, the complaint is still too vague to state a claim. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). Without a named defendant, a clear description of the nature of his medical problem(s), and allegations establishing that the defendants were deliberately indifferent, it is impossible to discern whether he has a plausible claim.

When a complaint is vague, confusing, or lacking in necessary detail, the court is "within its rights" to dismiss the complaint with leave to replead. Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). But the court will strike the complaint and give Mr. Davis a chance to file an amended complaint. If he decides to file an amended complaint, he should get a blank copy of this court's complaint form from the law library and write the cause number for this case in the caption

on the first page. Merely because he can to file an amended complaint isn't a reason for him to do so. Mr. Davis should only file an amended complaint if he thinks that he can address the deficiencies noted in this order and provide a factual basis in the body of his complaint for his claims against each defendant.

For these reasons, the court:

(1) STRIKES the amended complaint (ECF 1); and

(2) GRANTS Donald Davis to and including November 20, 2017, to file an amended complaint.

If Mr. Davis doesn't respond by November 20, this case will be dismissed without further notice.

SO ORDERED.

ENTERED: October 16, 2017         /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court