UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DONALD DAVIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:17-CV-652-RLM-MGG |
| KATHY GRIFFIN, et al., | ) |
| Defendants. | ) |

OPINION AND ORDER

Donald Davis, a prisoner without a lawyer, filed an amended complaint against the staff at the Miami Correctional Facility. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, under 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Davis alleges that, on December 2, 2016, he was moved into a cell with Mr. Randall, a fellow inmate. Mr. Davis and Mr. Randall didn't get along; the cellmates had several disagreements, including, who should have gotten the bottom bunk, when the television should be off or

on, and who should be allowed to visit the cell. Mr. Randall also tried to intimidate Mr. Davis by staring at Mr. Davis as he slept, complaining about Mr. Davis' race and culture, and becoming upset if he heard Mr. Davis urinate in the cell toilet. Mr. Randall also played chess with himself at night while speaking strange languages, paced all night, told Mr. Davis that his mother was suicidal, and sent letters to the White House. On December 7, Mr. Davis wrote to Counselor Shultz and asked to be moved. On December 8, Mr. Davis and Counselor Shultz discussed the issues with Mr. Randall. Counselor Shultz said that Mr. Davis couldn't be moved for ninety days and that Mr. Davis had to find a new cellmate on his own. Mr. Davis tried to discuss his cellmate issues with Lieutenant Beamer, who supervised the cell house, but she referred Mr. Davis to the "unit team."

On June 5, 2017, Mr. Randall attacked Mr. Davis in the cell, causing third-degree burns on the right side of Mr. Davis's body with liquid from a hotpot and tearing a ligament in Mr. Davis's left hand.[1] For hours before the attack, Mr. Davis had screamed for Counselor Shultz, whose office was thirty feet from the cell, and had yelled that he needed to be moved from the cell. Officer Kennell, who was working in the cell house, also heard Mr. Davis' requests for help. After the attack, Officers Kennell and Wilson took Mr. Davis to segregation but were

---

[1] The amended complaint itself includes few facts about the attack or his medical care. The court has also considered the attached exhibits, including a memorandum of law, which are "a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

2

later told by a supervisor and a nurse that Mr. Davis needed immediate medical care.

On June 7 and June 19, Dr. Marandnet examined Mr. Davis's injuries and told Mr. Davis that his left hand just needed time to heal. From June 20 to July 28, Mr. Davis was in segregation and received little medical care. On July 7, Kim Myers, a nurse practitioner, recommended X-rays of his left hand and pain medication. Mr. Davis didn't get the pain medication until July 15. On August 19, Nurse Abbie and Nurse Shylenia told Mr. Davis that he no longer needed pads or cream for his burns and refused to treat him. On August 22, another nurse arranged for him to continue receiving treatment. On September 28, X-rays revealed a torn thumb ligament in the left hand. A physical therapist recommended a hand brace and told Mr. Davis that surgery might be necessary. Mr. Davis seeks money damages.

First, Mr. Davis alleges an Eighth Amendment claim against Counselor Shultz, Officer Kennell, Lieutenant Beamer, Deputy Warden Sharon Hawks, Deputy Warden Reggal Timothy, and Superintendent Kathy Griffin for failing to protect him from his cellmate. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with

deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). In the context of failure to protect cases, the court of appeals has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." Pope v. Shafer, 86 F.3d 90, 92 (7th Cir. 1996).

Mr. Davis alleges that he had reported his interactions with his cellmate to Counsel Shultz, who refused to move Mr. Davis to another cell. He also alleges that both Counselor Shultz and Officer Kennell heard his cries for help immediately before the attack but did nothing in response. These allegations adequately state an Eighth Amendment claim for failure to protect.

Mr. Davis also alleges that he tried to tell Lieutenant Beamer about his cellmate and was directed to the unit team. Directing a prisoner with a request to the appropriate department isn't deliberate indifference. See Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job."). Next, Mr. Davis alleges that Deputy Warden Hawks approved moving him to the cell with Mr. Randall, but the complaint doesn't suggest that Deputy Warden Hawks had reason to suspect an attack at that point. Moreover, Mr. Davis merely alleges that Superintendent Griffin and Deputy Warden Timothy oversaw the operations of the prison. Wardens aren't liable just because they oversee the operations of

4

the prison or because they supervise correctional staff. Burks v. Raemisch, 555 F.3d at 593-94.

Next. Mr. Davis alleges an Eighth Amendment claim of deliberate indifference against Officers Kennell and Wilson for failing to obtain medical assistance for Mr. Davis after the attack. He also asserts a claim against Dr. Marandnet and Nurse Practitioner Myers for inadequate treatment during his time in segregation and against Nurse Shylenia and Nurse Abbie for refusing to treat his burns. Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or

5

standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment doesn't establish deliberate indifference, nor does negligence or even medical malpractice. Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011). The defendants might have responded to Mr. Davis' injuries as alleged for legitimate reasons, but when Mr. Davis receives the inferences to which he is entitled at this stage, he adequately states an Eighth Amendment claim of deliberate indifference against them.

Accordingly, the court:

(1) GRANTS Donald Davis leave to proceed against Counselor Shultz and Officer Kennell in their individual capacities for money damages on the Eighth Amendment claim that they failed to protect him from his cellmate;

(2) GRANTS Donald Davis leave to proceed against Officer Kennell, Officer Wilson, Dr. Marandnet, Nurse Practitioner Kim Myers, Nurse Abbie, and Nurse Shylenia in their individual capacities for money damages on the Eighth Amendment claim that they were deliberately indifference to serious medical needs in relation to his burns and left hand injury.

(3) DISMISSES Lieutenant Beamer, Deputy Warden Sharon Hawks, Deputy Warden Reggal Timothy, and Superintendent Kathy Griffin;

(4) DISMISSES, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Counselor Shultz, Officer Kennell, Officer Wilson, Dr. Marandnet, Nurse Practitioner Kim Myers, Nurse Abbie, and Nurse Shylenia at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 9) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Counselor Shultz, Officer Kennell, Officer Wilson, Dr. Marandnet, Nurse Practitioner Kim Myers, Nurse Abbie, and Nurse Shylenia to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Donald Davis has been granted leave to proceed in this screening order.

SO ORDERED.

Date: December  27 , 2017                          /s/ Robert L. Miller, Jr.
                                                   Judge
                                                   United States District Court